## STATE OF CONNECTICUT *v.* JEFFREY R. WIENER
### (SC 16396)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued April 26—officially released May 22, 2001

*Alice M. Sexton,* for the appellant (defendant).

*Rita M. Shair,* senior assistant state's attorney, with whom were *John A. Connelly,* state's attorney, and, on the brief, *John Davenport,* assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Jeffrey Wiener, appeals, following our grant of certification, from the judgment of the Appellate Court, which affirmed the trial court's judgment of conviction of the crime of larceny in the second degree in violation of General Statutes § 53a-123 (a) (2).[1] *State* v. *Wiener,* 58 Conn. App. 203, 753 A.2d 376 (2000). We granted the defendant's petition for certification to appeal limited to the following issues: (1) "Did the Appellate Court properly conclude that the trial court's granting of the complainant's motion to quash did not violate the defendant's sixth amendment rights to compulsory process and to confront and cross-examine witnesses against him?"; and (2) "If the answer to question one is 'yes,' did the Appellate Court properly conclude that the trial court did not abuse its discretion when it granted the complainant's motion to quash, ruling that the subpoenaed financial records were 'collateral?' "[2] *State* v. *Wiener,* 254 Conn. 924, 761 A.2d 757 (2000).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties,

---

[1] General Statutes § 53a-123 (a) provides in relevant part: "(a) A person is guilty of larceny in the second degree when he commits larceny, as defined in section 53a-119, and . . . (2) the value of the property or service exceeds five thousand dollars . . . ."

[2] At trial, the defendant had served his part-time employer, the complainant, James DeRienzo, Jr., with a subpoena seeking the production of certain income tax returns and various financial and accounting records spanning the years 1990 through 1996. The trial court granted DeRienzo's motion to quash and limited the scope of the subpoena to the years 1994 and 1995, ruling that the requested records for the previous years would raise collateral issues.

we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.